**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-31303**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROBERT DAVIS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**(00-CR-41-ALL)**

_____

**August 20, 2001**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to being a felon in possession of a firearm, Robert Davis appeals his sentence. He contends the district court erred by increasing his offense level by four levels, pursuant to U.S.S.G. § 2K2.1(b)(5) (use or possession of firearm in connection with another felony offense), because he had distributed a falsely represented controlled substance while possessing a firearm, a felony offense under Louisiana law. *See* LA. REV. STAT. ANN. 40:971.1. Davis maintains his conduct did not

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitute a violation of that statute. We do not decide this issue because the district court's error, if any, was harmless.

A sentence will be vacated only if it was imposed in violation of law, if the guidelines were incorrectly applied, or if the sentence is outside the guideline range and is unreasonable. *E.g., United States v. Cabral-Castillo*, 35 F.3d 182, 186 (5th Cir. 1994), *cert. denied*, 513 U.S. 1175 (1995). When a district court has misapplied the guidelines, remand is appropriate unless we conclude, based upon "the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed". *Williams v. United States*, 503 U.S. 193, 203 (1992).

Davis admitted taking a pistol from the lap of one of the victims, pointing it at the victim, and attempting to pull the trigger. This conduct constituted attempted second-degree murder under Louisiana law and would be punished as a felony. *See* LA. REV. STAT. ANN. 14:27D(1), 14:30.1B; *see also State v. Musgrove*, 774 So. 2d 1155, 1159 (La. App. 2d Cir. 2000). We agree with the Government that the district court could have imposed the § 2K2.1(b)(5) four-level increase on the alternative basis that Davis used or possessed the firearm in connection with an attempted second-degree murder. *See* U.S.S.G. § 2K2.1 comment. (n.7) (defining "felony offense" as "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year,

2

whether or not a criminal charge was brought, or conviction obtained"). Therefore, any error in imposing the increase on the basis of a violation of the Louisiana statute prohibiting false representation of a controlled substance was harmless.

**AFFIRMED**